# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TRACY EXKANO AND         *  CIVIL ACTION NO. 23-637
WALTER EXKANO
   *Plaintiff*              *  JUDGE:

VERSUS                    *  MAG. JUDGE:

WALMART INC., WAL-MART  *
LOUISIANA, LLC, WAL-MART
ASSOCIATES, INC., AND AMIGO  *
MOBILITY INTERNATIONAL
   *Defendants*

   *  *  *  *  *  *  *  *  *  *  *  *  *

## AMENDED NOTICE OF REMOVAL

Defendants, Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Associates, Inc. ("Walmart"), in response to Order of the Court (R. Doc. 10) respectfully submit this Amended Notice of Removal pursuant to 28 U.S.C. Section 1446(a), and in support thereof, provide the following statement of the grounds for removal:

## I. BACKGROUND

1.     This action was commenced by Plaintiffs, Tracy and Walter Exkano ("Plaintiffs") on June 29, 2023, through the filing of a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Docket No. C-733909. *See generally* Exhibit A, Copies of All Process, Pleadings, and Orders Served Upon Walmart.

2.     In their Petition for Damages, Plaintiffs name Walmart Inc., Wal-Mart Louisiana, LLC, Wal-Mart Associates, Inc. and Amigo Mobility International ("Amigo"), as defendants. Walmart Inc., Wal-Mart Louisiana, LLC and Wal-Mart Associates, Inc. are defended by the undersigned and collectively referred to as "Walmart."

3.      Walmart was served through its agent for service of process, C T Corporation System, with the citation and copy of the Petition for Damages on July 6, 2023, which is the date Walmart first received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* Exhibit B, Service of Process Transmittal Summary Dated 07/06/2023.

4.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it was filed within thirty (30) days after Walmart was first served with a copy of the initial pleading setting forth the claim for relief upon which this action is based and within one (1) year after the commencement of this action.

5.      Amigo Mobility International, Inc., a foreign corporation, not associated with Walmart, has consented to this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

6.      Venue for this removal is proper because the United States District Court for the Middle District of Louisiana is the federal District Court embracing East Baton Rouge Parish, Louisiana—the place where the state court action is pending. *See* 28 U.S.C. § 98(b).

## II. GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP JURISDICTION

7.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (A) there exists complete diversity of citizenship between Plaintiffs and Defendants, Walmart and Amigo, and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### II.A. Complete Diversity of Citizenship

8.      Plaintiffs are natural persons.  For purposes of federal diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled. *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455

F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous."). Upon information and belief, at the time of the filing of this Notice of Removal, Plaintiffs are citizens of the State of Louisiana. *See* Exhibit A, Copies of All Process, Pleadings, and Orders Served Upon Walmart at Plaintiffs' Petition for Damages Introductory Paragraph.

9. Walmart Inc. is a Delaware corporation, with its principal place of business in Bentonville, Arkansas. Wal-Mart Louisiana, LLC is a Delaware Limited Liability Company with its principal place of business in Bentonville, Arkansas, and Wal-Mart Associates, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. The citizenship of a corporation and limited liability companies, for diversity purposes, is determined by looking to both "the state in which it was incorporated and the state in which it has its principal place of business." *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). At the time of the filing of this Notice of Removal, Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Wal-Mart Louisiana, LLC is a Delaware Limited Liability Company with its principal place of business in Bentonville, Arkansas. The members of Wal-Mart Louisiana, LLC, Tim Skinner, Emma Waddell, Gordon Y. Allison, Jessica Rancher, Michael Cook, Matthew Allen, Sarah Little, and Geoffrey Edwards, are all citizens of Arkansas and all are domiciled in Bentonville, AR (See Exhibit "C"). Wal-Mart Associates, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. *See* Exhibit C, Louisiana Secretary of State Business Entities Search Results for "Walmart Inc.," "Wal-Mart Louisiana, LLC," and "Wal-Mart Associates, Inc."

10.    Amigo Mobility International, Inc. is a Michigan corporation with its principal place of business in Michigan.  See Exhibit D, Michigan Corporation Filing for Amigo Mobility International, Inc.

11.    Based on the foregoing, there is complete diversity of citizenship of the parties. For purposes of diversity jurisdiction, Plaintiffs are citizen of the State of Louisiana. Walmart Inc. is a citizen of Delaware and Arkansas since it is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Wal-Mart Louisiana, LLC is a citizen of Delaware and Arkansas since it is a Delaware Limited Liability Company with its principal place of business in Bentonville, Arkansas. Further, all members of Wal-Mart Louisiana, LLC are citizens of Bentonville, AR.  Wal-Mart Associates, Inc. is a citizen of Delaware and Arkansas since it is a Delaware corporation with its principal place of business in Bentonville, Arkansas. *See* Exhibit C, Louisiana Secretary of State Business Entities Search Results for "Walmart Inc.," "Wal-Mart Louisiana, LLC," and "Wal-Mart Associates, Inc."

Walmart Inc., Wal-Mart Louisiana, LLC and Wal-Mart Associates, Inc. are all citizens of the State of Delaware and Arkansas; Amigo Mobility International, Inc. is a citizen of the State of Michigan; and the plaintiffs are citizens of Louisiana.  Accordingly, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case.

## II.B. Amount in Controversy

12.    With respect to the amount in controversy required for federal diversity jurisdiction under 28 U.S.C. § 1332, the Supreme Court of the United States has instructed that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). This "plausible allegation" requirement is satisfied when the facts alleged by

the plaintiff make it "facially apparent" that the amount in controversy exceeds $75,000. *Id.* at 554. "Evidence establishing the amount is required by § 1446(c)(2)(B) **only** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added).

13.     Here, Plaintiffs allege in their Petition for Damages that, on or about July 3, 2022, the seat on the shopping cart that Tracy Exkano was using while at a Walmart store became detached, causing Tracy Exkano to fall on her knees and arms. *See* Exhibit A, Copies of All Process, Pleadings, and Orders Served Upon Walmart at Petition for Damages ¶ 4. Further, Plaintiffs allege that as a result, petitioner Tracy Exkano has suffered damages including: 1) Bodily injury; (2) Pain and suffering; (3) Loss of enjoyment of life; and (4) Inconvenience and distress. *See* Exhibit A at Petition for Damages ¶ 12. Petitioner Walter Exkano, the husband of Tracy Exkano, alleges "loss of consortium, services, and society and all other damages allowed by law." *See* Exhibit A at Petition for Damages ¶ 14.  The Fifth Circuit has found the amount in controversy requirement to be satisfied in cases where plaintiffs allege far less significant injuries and categories of damages in their state court pleadings. *See, e.g., Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294-95 (5th Cir. 2011); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881-83 (5th Cir. 2000). Thus, based on the injuries alleged and damages sought in Plaintiffs' Petition for Damages, it is facially apparent that the amount in controversy in this case exceeds $75,000.

14.     In addition to the foregoing allegations included in Plaintiffs' Petition for Damages, the allegations omitted from that pleading further demonstrate that the amount in controversy in this case exceeds $75,000. Although Louisiana Code of Civil Procedure article 893 prohibits plaintiffs from demanding a specific monetary amount of damages in their pleadings, that article provides that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds

or is less than the requisite amount is **required**." *See* LA. CODE CIV. PROC. art. 893(A)(1) (emphasis added).[1] Here, Plaintiffs' Petition for Damages does not contain any general allegation that the monetary value of their claims in this case is less than $75,000, exclusive of costs and interest. *See generally* Exhibit A, Copies of All Process, Pleadings, and Orders Served Upon Walmart at Plaintiffs' Petition for Damages. Given the mandatory language of article 893, a number of federal courts have held that a plaintiff "creates a strong presumption in favor of [diversity] jurisdiction" by failing to include such a general allegation in his or her state court pleadings. *See, e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (internal citations omitted) (magistrate report and recommendation subsequently adopted in its entirety by district court as legally sound); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *see also Raborn v. Con-Way Truckload, Inc.*, No. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015). Accordingly, Plaintiffs' failure to allege in their Petition for Damages that the amount in controversy is insufficient for an exercise of federal diversity jurisdiction stands as further evidence making it facially apparent that the actual amount in controversy exceeds $75,000.

---

[1] The full text of the subsection reads: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required."

15.    For each of the foregoing reasons, it is apparent from the face of Plaintiffs' Petition for Damages that the amount in controversy here exceeds the sum of $75,000.00, exclusive of costs and interest. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III.  PROCEDURAL COMPLIANCE

16.    Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Walmart are attached hereto as Exhibit "A."

17.    Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

18.    Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

19.    By filing this Notice of Removal, Walmart does not waive and hereby reserves all defenses and objections to Plaintiffs' Petition for Damages.

### IV.  JURY DEMAND

20.    Walmart hereby prays for a trial by jury on all claims asserted and issues raised in Plaintiffs' Petition for Damages.

### V.  CONCLUSION

21.    Given the complete diversity of citizenship of the parties and the amount in controversy, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and this action is properly removed pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants, Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Associates, Inc., respectfully request that this cause be removed to the United States District Court for the Middle District of Louisiana, that the United States District Court for the Middle District of Louisiana assume full jurisdiction over this case, and that further proceedings in this action be conducted in the United States District Court for the Middle District of Louisiana as provided by law.

Respectfully submitted:

s/ James C. Carver
JAMES C. CARVER, Ph.D., J.D., LA BAR #19514
Attorney for Defendant, Walmart Inc.
THE PRESTON CASTILLE LAW FIRM, LLC
201 St. Charles St.
Baton Rouge, LA 70802
Telephone: (225) 636-2642
Fax: (225) 387-3198
Email: Jim@thecarverlawfirm.com

NIKKI ESSIX-MANUEL, Esq. (#25665)
201 St. Charles Street
Baton Rouge, LA 70802
nikki@prestoncastillelaw.com
Phone: (225) 278-8563

and

PRESTON J. CASTILLE, JR., Esq. (# 23448)
201 St. Charles Street
Baton Rouge, LA 70802
preston@prestoncastillelaw.com
Phone: (225) 317-3363

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2023, a copy of the foregoing was filed electronically with the Clerk of Court of the United States District Court for the Middle District of Louisiana using the CM/ECF system. A copy of the above and foregoing Notice of Removal was also sent by U.S. Mail and/or facsimile to the following counsel of record:

Steve C. Thompson
James F. d'Entremont
Corey J. Hebert
Sarah E. Hunter
THOMPSON, d'ENTREMONT & HEBERT, LLC
2161 Quail Run Drive, Suite A
Baton Rouge, Louisiana 70808
Fax: (225) 766-5533

/s/ James C. Carver
JAMES C. CARVER